DUTCH WEAVER v. THE STATE.

No. 7937. Decided December 5, 1923.

Rehearing denied February 13, 1924.

1.—Manufacturing Intoxicating Liquor—Charge of Court.

Appellant's complaint to the court's charge that it included an instruction to find the accused guilty if he manufactured vinous or malt liquors as well as spirituous liquors, the evidence being that it was whisky, is untenable.

2.—Same—Bill of Exceptions.

Where the testimony set out in the bill of exceptions at which general exceptions were levelled included statements which were admissible, there is no reversible error.

3.—Same—Rehearing—Sufficiency of the Evidence.

This court finds itself unable to agree with the appellant that the evidence is insufficient to support the conviction and the motion for new trial must be overruled.

Appeal from the District Court of Denton. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Burney Braley,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Denton County of manufacturing intoxicating liquor, and his punishment fixed at one·year in the penitentiary.

There is no brief on file for the appellant. The record contains but two bills of exception, the first of which evidences complaint of the charge of the learned trial court because he included therein an instruction to find the accused guilty if he manufactured "vinous or malt liquors," as well as spirituous, it being insisted that the only evidence offered in support of the charge was that of the finding of whisky and spirituous liquor. We think the complaint of no consequence. The other bill of exceptions presents a complaint of the introduction of the testimony of witness Miles that he overheard a conversation between a number of parties including appellant at the place where the liquor was in process of manufacture at the time the officers came and found same. The exception appearing in the bill of exceptions is leveled at the testimony as a whole and singles out no part of same. The testimony set out in the bill at which said general exception was leveled includes statements made by the appellant which were admissible. The exception is too broad and can not be sustained.

No error appearing in the record, an affirmance must be ordered.

*Affirmed.*

ON REHEARING.

February 13, 1924.

HAWKINS, JUDGE.—Appellant urges in his motion for rehearing that the case being one in which the State must depend upon circumstantial evidence to support the conviction that the facts proven are as consistent with the hypothesis of his innocence as with guilt. If this be true then appellant would be entitled to have the judgment of conviction set aside. It must be borne in mind that appellant did not himself testify and offered no evidence explaining his presence in the vicinity of the still or of an innocent purpose on his part in being there. Two stills about eight feet apart were found in operation and some whisky and mash was discovered at the place. A. L. Miles appears to have been with the officers at the time the arrests were made shortly after the parties had eaten lunch, but we gather from the evidence that before that time Miles had been watching. He says in substance that he saw appellant (Dutch Weaver) around a little stove and then saw him eating dinner; that Dutch Weaver, Frank Johnson, Rodgers and Dave Weaver were there and also some women whom Miles at that time did not know; that when he first saw Dave Weaver the latter was carrying wood; that Rodgers was split-

ting wood; that he did not know what appellant was doing before dinner but just saw him "milling" around there; that after dinner he saw appellant pick up a water bucket and start towards the creek; that at the time they were eating dinner he heard a conversation between them in which appellant said "Frank, *we* ought not to be here, *we* ought to have gone to the thresher Monday morning"; that Frank Johnson replied that he could not have held a job down if he had gone out there; that he was not able to do a man's work and said, "By G——, I am not going to let *my* family starve"; that Dave Weaver said in this conversation, "By G——, I am going to make whisky"; that before dinner witness had seen Johnson and Rodgers around the stills; that he did not see appellant operate one of the stills but did see Frank Johnson and Rodgers around them and then saw appellant and the other men and women sit down and eat dinner together and it was during the time they were eating he heard the conversation related above; that witness did not know whether appellant came back from the creek with the bucket as he (witness) left after seeing him start towards the creek. We infer from the record that Miles had reported to the other officers what he had seen, as the arrests were made shortly after the parties had finished eating. Akin, one of the officers, said that when they first got in sight of the stills that Johnson and Rodgers were just walking up to them with a bucket of water and that appellant was about forty yards from them also bringing up a bucket of water towards the stills; that Johnson and Rodgers were at this time about fifteen feet from the stills and appellant further away; that Rodgers and Johnson came on up to the stills; that appellant was about forty yards from the stills at the time the officers made the arrest. Another of the officers, Decker, testified that he judged appellant to be thirty or forty yards away from the stills with a bucket of water going towards them when he first saw him and that Rodgers and Johnson were then around the stills. This witness did not know whether Johnson and Rodgers had water at that time or not. The officers seem to have divided at the time the raid was made and some saw the matter from one angle and some from another. This witness Decker on cross examination replied, "I said that the defendant was coming towards the still. He was coming away from the creek 'sorty' towards the still 'sorty' in the direction of the still."

The foregoing is substantially all the evidence introduced by the State. We find ourselves unable to agree with appellant that it is insufficient to support the conviction. The women who were near the still and who ate dinner were the wives of two of the parties, Mrs. Johnson and Mrs. Dave Weaver. In the conversation during lunch appellant identified himself as acting with the party when he stated "*we* ought to be with the thresher." There can be no question but that he had knowledge of what was going on. The stills at that time were in operation. The evidence appears to leave no doubt that not

only Johnson and Rodgers were carrying water to the still but that appellant was also engaged in doing the same thing at the time the officers made the raid. The court properly instructed the jury that the mere presence of appellant would not be sufficient to show his guilt, and neither would his knowledge that others might be engaged in the illegal manufacture of intoxicating liquor, but that the jury must find from the evidence beyond a reasonable doubt that he himself was engaged in the manufacture thereof. We believe the jury was authorized in settling this issue in favor of the State, and therefore are not in accord with appellant's contention that the facts are equally consistent with the hypothesis of his innocence.

The motion for rehearing will be overruled.

*Overruled.*